# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SHANE E. JESSEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:18CV00054 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **ANDREW SAUL, COMMISSIONER** ) | By: James P. Jones |
| **OF SOCIAL SECURITY,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Lewey K. Lee*, LEE & PHIPPS, P.C., Wise, Virginia, for Plaintiff; *Antonia M. Adam*, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security case, I will grant in part and deny in part an objection of the Commissioner of Social Security ("Commissioner") to the report and recommendation ("Report") of the magistrate judge and will remand the case to the Commissioner for further consideration.

Shane E. Jessee challenges the final decision of the Commissioner denying his claims for disability insurance benefits and supplemental security income under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 25-page Report on April 29, 2020, in which she recommended that

the court deny both parties' motions for summary judgment, vacate the Commissioner's decision, and remand for further development. On May 11, 2020, the Commissioner filed written objections to the Report. Jessee neither objected to the Report nor filed a response to the Commissioner's objections within the time allowed for doing so. The objections are ripe for decision.

I must make a de novo determination of those portions of the Report to which the Commissioner objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

The magistrate judge's Report sets forth in extensive and correct detail the plaintiff's relevant history. Jessee suffers from physical limitations in the functioning of his right foot due to a self-inflicted accidental gunshot wound that

occurred in 2014. Psychologically, he has been diagnosed with anxiety, depression, agoraphobia, and bipolar disorder.

The magistrate judge found that the findings of the administrative law judge ("ALJ") in Jessee's case, which constitutes the Commissioner's final decision, failed to address certain relevant evidence. Specifically, the magistrate judge found that the ALJ, in his formulation of Jessee's physical residual functional capacity ("RFC"), failed to address the state agency physicians' findings limiting Jessee to no more than frequent operation of foot controls with his right foot. The magistrate judge further stated that the ALJ had not included this limitation in the hypothetical that he posed to the vocational expert during the evidentiary hearing. In addition, the magistrate judge found that the ALJ's statement of Jessee's mental RFC failed to address the opinion of psychological examiner Elizabeth A. Jones that Jessee was moderately limited in his ability to maintain schedules and attendance, which would limit his ability to demonstrate reliability.

In his objection, the Commissioner contends that the ALJ's finding of Jessee's physical RFC implicitly accounts for the limitation regarding foot controls because the ALJ found that Jessee could perform only sedentary work, which by definition does not include operation of foot controls. The Commissioner notes that the listed examples of jobs that Jessee could perform do not require operation of foot controls.

The Commissioner further contends that the ALJ thoroughly considered the evidence regarding Jessee's mental limitations, including the opinion that he has a limited ability to maintain schedules and attendance, but gave only partial weight to Jones's assessment. The ALJ explained that further evidence received at the hearing, including the plaintiff's own testimony, supported his finding that Jessee could perform a reduced range of sedentary work. The Commissioner therefore contends that no remand is necessary.

> By definition,
>
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a). In contrast, a job is classified as "light work" "when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b). "Sedentary exertional demands are less than light . . . ." Titles II & XVI: Determining Capability to Do Other Work - The Medical - Vocational Rules of Appendix 2, SSR 83-10 (S.S.A. 1983-1991), 1983 WL 31251, at *1. A job falls into the category of light work "when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." *Id.* at *5. The sedentary jobs that the vocational expert opined that a person with

- 4 -

Jessee's limitations could perform (assembler, weight tester, and addressing clerk) do not require use of foot controls.  I therefore find that the ALJ's decision as to the plaintiff's physical residual functional capacity was supported by substantial evidence, and I will sustain the Commissioner's objection as to that portion of the Report.

I agree with the magistrate judge, however, that the ALJ did not adequately address Jones' opinion that Jessee "would have difficulty maintaining schedules and attendance."  R. at 489.  The ALJ stated that he was giving partial weight to Jones' assessment, but he did not specifically address this particular limitation either in his findings or in the hypothetical he posed to the vocational expert at the hearing.  R. at 24–25.  Rather, both his question to the vocational expert and his decision assumed without explanation that Jessee would miss no more than one day of work per month.

In Social Security cases, factual determinations are the province of the administrative process, and where the crucial facts are ambiguous, as here, a remand is the appropriate course.  Accordingly, I will remand the case to the Commissioner for further development so that the facts surrounding Jessee's ability to maintain schedules and attendance can be properly determined.

Based upon my careful consideration of the objections, the record, and the arguments of counsel, I will accept in part and reject in part the Report and Recommendation.  An appropriate final judgment will be entered.

DATED: July 6, 2020

/s/  JAMES P. JONES
United States District Judge